# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY A. SMITH, | ) |
| Plaintiff, | ) |
| | ) Civil Action Number: |
| vs. | ) |
| | ) |
| CITY OF TUSCALOOSA, ALABAMA, | ) |
| | ) **PLAINTIFF DEMANDS A** |
| Defendant. | ) **TRIAL BY STRUCK JURY** |

## COMPLAINT

## JURISDICTION AND VENUE

1. This action is brought to redress employment discrimination suffered by the Plaintiff based on his age in violation of the Age Discrimination in Employment Act ("ADEA") and his race in violation of both Title VII of the Civil Rights Act of 1964, as amended. Plaintiff further alleges he suffered unlawful retaliation in violation of the ADEA and Title VII.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§2201 and 2202.

3. Venue is proper under 28 U.S.C. § 1391, because the Plaintiff works for the Defendant in Tuscaloosa County, Alabama.

## PARTIES

4. The Plaintiff, Anthony A. Smith ("Captain Smith"), was more than 19 years old at the time of the events in question, and lives in Tuscaloosa County, Alabama.

5. The Defendant, the City of Tuscaloosa, Alabama ("City"), is a city government located in Tuscaloosa County, Alabama.

6. The City is an employer for purposes of the ADEA.

7. The City is an employer for purposes of Title VII.

8. The City has employed the Plaintiff since 1988 in the Tuscaloosa Police Department ("TPD").

## ADMINISTRATIVE REMEDIES

9. On or about February 9, 2021, the Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). A copy of this Charge of Discrimination (420-2021-01074) is attached as Exhibit A.

10. The EEOC issued to the Plaintiff a Dismissal and Notice of Rights for Charge 420-2021-01074 on or about September 28, 2021. A copy is attached as Exhibit B.

11. Plaintiff filed this action within 90 days of September 28, 2021.

12. Plaintiff satisfied the administrative prerequisites to file this action.

13. Plaintiff exhausted his administrative remedies.

## COUNT I
## ADEA
### (Failure to Promote – Disparate Impact)

14. Plaintiff was born in 1958.

15. Plaintiff started work for the TPD on December 12, 1988.

16. To be employed as a police patrol officer with the TPD, an applicant must be at least 21 years of age.

17. In 2007, Plaintiff earned the rank of Captain with the TPD.

18. On or about November 24, 2007, the City assigned the Plaintiff to be the Captain over the Juvenile Division.

19. The City offers its police officers and firefighters a Deferred Retirement Option Plan ("DROP").

20. A police officer is not eligible for the DROP plan until after he or she has completed 25 years of service.

21. Because an employee must be at least 21 years of age to work as a police officer and must have at last 25 years of service, the minimum age to participate in the DROP program would be 46 years old.

22. In March 2020, Brent Blankley was sworn in as the Police Chief for the TPD.

23. After assuming the role of Police Chief, Chief Blankley expressed that he would not promote any officers participating in the DROP program.

24. Captain Smith was participating in the DROP program.

25. In 2020, Captain Smith was 62 years old.

26. In September 2020, the position of Assistant Chief for the TPD was vacant and ready to be filled.

27. On or about September 25, 2020, the City announced it promoted Captain Steven Rice to the position of Assistant Chief.

28. Captain Smith had expressed an interest in being promoted, including to the position of Assistant Chief, but because of Chief Blankley's proclamation that he would not promote anyone from the DROP program, Captain Smith could not apply for any promotions.

29. Assistant Chief Rice is fifteen (15) year younger than Captain Smith.

30. Assistant Chief Rice did not start working for the City until 1997.

31. Captain Smith had approximately nine (9) years more time with the City than Assistant Chief Rice.

32. In September 2020, the City created a new position with the TPD, Deputy Chief.

33. Captain Smith had expressed his interest and desire to advance within the TPD but had been told that was not possible because of his participation in the DROP program.

34. On or about September 25, 2020, the City announced it had promoted Severn "Sebo" Sanders to the Deputy Chief position.

35. Sanders is thirteen (13) years younger than the Plaintiff.

36. Captain Smith has more experience and time with the City than Sanders.

37. Captain Smith had expressed an interest in being promoted, including to the position of Assistant Chief, but because of Chief Blankley's proclamation that he would not promote anyone from the DROP program, Plaintiff could not apply for any promotions.

38. The position was not posted or open to competitive bid, so Captain Smith was not given an opportunity to apply for consideration.

39. Similarly, a promotional position was created for Capt. David Heath Clark, who younger than Captain Smith, without the position being posted or open for applications.

40. On or about August 29, 2020, the City promoted Captain Clark to the rank of Major and made him the Commander of the Patrol Division.

41. Captain Smith met the qualifications to hold the positions of Assistant Chief, Deputy Chief, and/or Major/Commander of the Patrol Division.

42. By adopting a policy and/or practice of refusing to promote, or consider for promotion, anyone participating in the DROP program, the City chose to adopt a policy and/or practice which would have a disparate impact on older officers because it would necessarily only apply to persons at least 46 years old or older.

43. On October 12, 2020, Captain Smith questioned the Tuscaloosa City Personnel Board about the legitimacy of the appointments of the Deputy Chief Position and Major/Patrol Division Commander positions and asked what impact the appointment had on the current promotional system in regarding an officer's rank and seniority granted by the Personnel Board.

44. The City did not respond.

45. Because the City has a policy which claims to prohibit age discrimination, it knew or should have known that using the DROP program as a disqualifier for promotions would constitute unlawful age discrimination. Therefore, the City's violation of the statute was willful, without good faith and/or without a reasonable belief that its actions were lawful.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests then entry of a judgment against Defendant for violating the ADEA pursuant to an Order which:

    (a)    awards backpay;

    (b)    awards liquidated damages;

    (c)    awards injunctive relief, including backpay, promotion and/or reasonable front pay;

    (d)    awards that relief which is fair, reasonable and just; and

    (e)    taxes costs against said defendant, including a reasonable attorney's fee.

## COUNT II
## ADEA
### (Failure to Promote Because of Age)

46. In 2020, Captain Smith was 62 years old.

47. Captain Smith expressed an interest in being promoted, including to the position of Assistant Chief, but because of Chief Blankley's proclamation

that he would not promote anyone from the DROP program, Captain Smith could not apply for any promotions.

48. On or about August 29, 2020, the City promoted Capt. David Heath Clark to the rank of Major and made him the commander of the patrol division without the position being posted or open for applications.

49. Major Clark is at least ten (10) years younger than Captain Smith.

50. Captain Smith met the qualifications to hold the rank of Major and/or be the Commander of the Patrol Division.

51. However, he was not given a chance to apply for or be considered for the position.

52. On or about September 25, 2020, the City announced it had promoted both Steven Rice to Assistant Chief and Sebo Sanders to Deputy Chief.

53. Rice is fifteen (15) year younger than Plaintiff.

54. Sanders is thirteen (13) years younger than the Plaintiff.

55. Captain Smith met the qualifications to hold the positions of Assistant Chief and/or Deputy Chief.

56. Captain Smith has more experience and time with the City than Sanders and/or Rice.

57. The City did not promote the Captain Smith to Major/Commander of the Patrol Division, Assistant Chief and/or Deputy Chief because of his age, 62.

58. The City has a policy which claims to prohibit age discrimination, so it knew or should have known that denying the Plaintiff a promotion because of his age constitutes unlawful age discrimination. Therefore, the City's violation of the statute was willful, without good faith and/or without a reasonable belief that its actions were lawful.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests then entry of a judgment against Defendants for violating the ADEA pursuant to an Order which:

    (a) awards backpay;

    (b) awards liquidated damages;

    (c) awards injunctive relief, including backpay, promotion and/or reasonable front pay;

    (d) awards that relief which is fair, reasonable and just; and

    (e) taxes costs against said defendant, including a reasonable attorney's fee.

### COUNT III
### TITLE VII
### (Race Discrimination - Failure to Promote)

59. Captain Smith's race is African American.

60. Between August 28 and September 24, 2020, Chief Blankley promoted thirteen white officers to supervisory positions in the TPD.

61. Even though black officers make up a significant portion of the department, the percentage of whites promoted far exceeded the percentage of blacks promoted, showing a bias in favor of whites.

62. Even though he had the opportunity to promote a black Assistant Chief, Chief Blankley chose not to do so, saying he would not promote anybody who was the DROP program.

63. There was only white captain in the DROP program. Therefore, use of the DROP program as a criterion served to treat black officers in a disparate manner than white officers and had a disparate impact on black officers.

64. On or about August 29, 2020, the City promoted Capt. David Heath Clark, who is white, to the rank of Major and made him the Commander of the Patrol Division without the position being posted or open for applications.

65. Despite Captain Smith being qualified for the position awarded to Major Clark, the City did not give Captain Smith an opportunity to apply for the position.

66. In September 2020, the City selected Captain Steven Rice, who is white, as the Assistant Chief.

67. Captain Rice, prior to his promotion, had shown a racial bias against hiring black officers.

68. In February 2020, the City appointed Captain Rice to oversee a recruitment committee.

69. When Captain Rice formed the committee, it was composed entirely of white officers.

70. Captain Smith had been a recruiter for the department for 25 years, but he was not asked to serve on the committee.

71. The committee worked with the city's communication department to create an all-white recruitment video.

72. Later, Captain Smith was a job fair in Birmingham with Human Resources Director Mark Fields, Jim Redding, Officer Phyllis Bryan, and Officer Jade Mitchell when he saw the video.

73. Captain Smith complained to Mr. Fields and Mr. Redding about the video showing a racial bias and lack of diversity.

74. Mr. Fields agreed and stated he would address the diversity issues.

75. A new video and billboard campaign followed showing persons of color.

76. When the new budget came out after that, Captain Smith saw he was no longer listed as a recruiter.

77. There were three other black Captains, but they were not promoted by Chief Blankley.

78. At the time of the promotions, Captain Smith was the only black division commander.

79. Captain Smith's race was a motivating factor in the decision to deny him the promotion to Major/Commander of the Patrol Division and/or Assistant Chief.

80. The City's discriminatory conduct injured Captain Smith.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests then entry of a judgment against Defendants for violating Title VII of the Civil Rights Act of 1964, as amended, pursuant to an Order which:

    (a)    awards backpay;

    (b)    awards compensatory damages;

    (c)    awards injunctive relief, including backpay, promotion and/or reasonable front pay;

    (d)    awards that relief which is fair, reasonable and just; and

(e) taxes costs against said defendant, including a reasonable attorney's fee.

## COUNT IV
## TITLE VII
### (Retaliation)

81. Starting in 1995, Captain Smith was the minority recruiter for the TPD on a part time basis.

82. Per Special Order No. 906 dated July 16, 1998, Captain Smith became a full-time recruitment officer for the City.

83. Plaintiff held that role until he was promoted to Lieutenant on May 31, 2002.

84. Plaintiff continued recruiting on a part-time basis until he was relieved of those duties as an act of retaliation in 2020.

85. In the Spring of 2020, Captain Smith at a job fair in Birmingham with Human Resources Director Mark Fields, Jim Redding, Officer Phyllis Bryan, and Officer Jade Mitchell, Captain Smith complained to the City that its recruiting video showed a racial bias and lack of diversity.

86. Captain Smith believed in good faith that the City's recruiting tool showed a racial bias, and he opposed that discriminatory practice.

87. The City typically presents its fiscal year budgets in late August.

88. When the new budget came out after Captain Smith's complaint about the discriminatory recruiting video, he saw he was no longer listed as a recruiter.

89. Captain Smith did not learn until after the budget had come out that he had been stripped of his recruiting role.

90. The City gave Captain Smith no reason for his removal from the recruiter position.

91. As a result, Captain Smith lost the prestige of his recruiter role.

92. Captain Smith saw the removal of the recruiter role as adverse and as an effort to dissuade him from continuing his complaints of discrimination because he lost the ability to be a visible representative for the City in its efforts to recruit new officers and the prestige associated with that position.

93. Because of his complaint, the Respondent took away Captain Smith's recruiter designation, denied him opportunities, subjected to closer scrutiny and actions to make his job harder, and withheld consideration for promotions and other job opportunities.

94. After Captain Smith's complaint, Chief Blankley denied Captain Smith promotions to Major/Commander of the Patrol Division, Assistant Chief and/or Deputy Chief.

95. After Captain Smith's complaint, Chief Blankley reduced his direct communication with Captain Smith and transferred seven officers from Captain Smith's division without notifying him.

96. Captain Smith learned of the transfers when the Chief posted the order of transfer.

97. The transfers made it harder for Captain Smith and his division to complete necessary work.

98. Captain Smith saw the transfers of the members of his unit as a signal to him to stop complaining of discrimination.

99. Chief Blankley started rumors about Captain Smith's department, such as alleging his employees are sleeping at their desk, to humiliate Captain Smith.

100. Shortly before filing his Charge of Discrimination, Captain Smith filed a grievance with the City complaining of a hostile work environment and harassment.

101. Through his lawyer, he complained to the City of race discrimination and retaliation in January 2021.

102. Following Captain Smith's grievance and complaint through his lawyer, he experienced additional retaliation including heightened scrutiny and efforts to find a reason to either fire him or motivate him to retire immediately.[1]

103. The City retaliated against Captain Smith because of his complaints of discrimination and harassment by removing his recruiter role, subjecting him to heightened scrutiny and efforts to find a reason to discipline/terminate him, removing officers from his unit, and starting rumors about him. This retaliatory conduct injured him.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests then entry of a judgment against Defendants for violating Title VII pursuant to an Order which:

    (a)    awards backpay;

    (b)    awards compensatory damages;

    (c)    awards injunctive relief, including backpay, promotion and/or reasonable front pay;

    (d)    awards that relief which is fair, reasonable and just; and

    (e)    taxes costs against said defendant, including a reasonable attorney's fee.

---

[1] After filing his Charge of Discrimination, Captain Smith experienced further retaliation. He filed a second Charge of Discrimination concerning that retaliation and plans on moving to amend this Count to include the facts relating to that Charge once he receives the right to sue.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

                          Respectfully submitted,

                          */s/ Heather Leonard*
                          Heather N. Leonard
                          Bar ID - ASB-115-O61H
                          Attorney for Plaintiff
                          HEATHER LEONARD, P.C.
                          2105 Devereux Circle, Suite 111
                          Birmingham, AL 35243
                          Telephone: (205) 977-5421
                          Facsimile: (205)278-1400
                          Heather@HeatherLeonardPC.com

<u>PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:</u>

The City of Tuscaloosa
c/o Mayor Walt Maddox
City of Tuscaloosa
2201 University Boulevard
Tuscaloosa, AL 35401